

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

~~XXXXXXXXXXX~~
~~WILL WILSON~~

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable D. H. Utley
County Auditor, Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-7094
Re: Can one of six common school
districts composing a rural high
school district withdraw from said
rural high school district?
Also related questions.

Your recent letter to this department reads in part as follows:

"On April 24, 1941 the Clay Co. School Board of Trustees while convened in a call session deemed it advisable and for the Public good to form a Rural High School Dist. by grouping six Common Sch. Dist. each of which had less than 400 Scholastics, with a combined area of more than 100 Sq. Miles, This election was ordered as provided by Chapter 19-A R. S P 1925, as amended, and Article 2922 C, as amended, said election carried by majority vote of entire composed Rural High School Dist.

"Said Dist. was established and has functioned as such since June 7, 1941, but on the site designated, on account of scarecity of material and labor the Buildings have not been erected, but the School is being held in a near by School Bldg.

"Now the Question - If one of the six Common Sch. Dist,s wants to with-draw from the Rural High Sch. Dist. Can they? If so what way may they do so?

"If they can by election whose duty to call the election, the County School Board or the County Judge?"

Art. 2922a, V.A.C.S., reads as follows:

"In each organized county in this State and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred

scholastic population and independent school districts
having less than two hundred and fifty scholastic
population for the purpose of establishing and oper-
ating rural high schools, provided also that the county
school trustees may annex one or more common school
districts or one or more independent school districts
having less than two hundred and fifty scholastic pop-
ulation to a common school district having four hundred
or more scholastic population or to an independent
district having two hundred and fifty or more scholastic
population upon the approval of the board of trustees
of each school district affected; provided that when
one or more common school districts are so annexed to
a common school district having four hundred or more
scholastic population, or to an independent district
having two hundred and fifty, or more scholastic popu-
lation, as the case may be, a board of trustees shall
be elected from the district at large and shall have
the management and control of the district as enlarged
until the time for the next election and qualifications
of trustees for common and independent districts, as
provided by General Law. <u>Provided that the county school
trustees shall have the authority to abolish a rural
high school district on a petition signed by a majority
of the voters of each elementary district composing the
rural high school district and when such district has
been abolished the elementary districts shall automati-
cally revert back to their original status</u>, with the
exception that in the event there are any outstanding
indebtednesses against the said rural school district
each elementary district shall assume its proportional
part of the debts."    (Emphasis added.)

The underscored provision of said Art. 2922a, supra,
is the only authority we have been able to locate whereby a rural
high school district can be abolished. Said provision requires
"a petition signed by a majority of the voters of <u>each</u> elementary
district composing the rural high school district." (Emphasis
added.)

Therefore, it is the opinion of this department that
unless a majority of the voters in <u>each</u> of the common school dis-
tricts composing the rural high school district in question,
should present a signed petition to the county school trustees
requesting the abolition of such rural high school district,
such trustees would have no authority to abolish same. Neither
is there any provision of law whereby one of said common school
districts can withdraw from said rural high school district.

Your first question is answered in the negative.

In view of the foregoing, the other questions submitted require no answers.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By s/L. H. Flewellen
L. H. Flewellen
Assistant

LHF:V:wc

APPROVED MAR 8, 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman